UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-46-TAV-JEM |
| | ) | |
| ROBERT WISEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Wiseman's Unopposed Motion to Continue All Deadlines and Trial [Doc. 13], filed on June 24, 2024.

Defendant asks the Court to continue all deadlines and the trial in this matter by ninety days. In support of his motion, Defendant asserts that he made his initial appearance and was appointed counsel on May 30, 2024. He states that defense counsel is in the process of reviewing discovery and certain forensic tests are still outstanding. Further, Defendant maintains that granting the requested continuance will provide the parties an opportunity to make a full resolution of the case. Defendant understands that the period of time between the filing of this motion for a continuance and a rescheduled court date will be fully excludable for speedy trial purposes. Finally, Defendant states that counsel for the Government does not oppose a continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C.

§ 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review, discuss, and evaluate discovery with Defendant and otherwise prepare for trial. The Court finds that all of this cannot occur before the August 6, 2024 trial date.

The Court therefore **GRANTS** Defendant Wiseman's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 13**]. The trial of this case is reset to **November 12, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on June 24, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Wiseman's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 13**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 12, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **June 24, 2024**, and the new trial date of **November 12, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **July 26, 2024**, and responses to motions are due on or before **August 9, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 11, 2024**;

(6) the deadline for filing motions *in limine* is **October 28, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **October 29, 2024, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 1, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge